IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALONZO GREEN, #179249, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:12-CV-1096-TMH |
| ) | [WO] |
| ) | |
| LEEPOSEY DANIELS, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Alonzo Green ["Green"], a state inmate, on December 12, 2012. In this petition, Green challenges convictions for unlawful distribution of a controlled substance (2 counts), first degree possession of marijuana, possession of drug paraphernalia, and unlawfully carrying a pistol imposed upon him by the Circuit Court of Montgomery County, Alabama on November 15, 2011. Green filed an appeal of his convictions and this appeal is currently pending on his petition for writ of certiorari to the Alabama Supreme Court. *Respondents' Exhibit 8 - Doc. No. 10-8.* In his federal habeas petition, Green argues the evidence used to obtain his convictions resulted from an unconstitutional search and seizure and asserts claims of ineffective assistance of appellate counsel.

On February 5, 2013, the respondents filed an answer in which they assert that Green is due no relief from this court because he has failed to exhaust state remedies with respect to each of the claims presented in the instant habeas petition. *Respondents' Answer - Doc. No. 10 at 4-6.* Specifically, the respondents maintain that Green's appeal of his convictions, in which he challenges

the constitutionality of the search and seizure, is now pending before the Alabama Supreme Court. Although the respondents assert that upon conclusion of the direct appeal process Green may then seek federal habeas relief, this argument is incorrect. To exhaust available state remedies properly with respect to his claims of ineffective assistance of appellate counsel, Green would also first have to present these claims to the state courts in a Rule 32 petition. Thus, in accordance with well established law, it is clear that for purposes of exhaustion Green should complete the direct appeal process and then proceed on his claims of ineffective assistance of appellate counsel in a state post-conviction petition prior to seeking habeas relief in this court.

Based on the foregoing, the court entered an order affording Green an opportunity to demonstrate why this petition should not be dismissed for his failure to exhaust state remedies. *Order of February 5, 2013 - Doc. No. 11*. In response to this order, Green filed a motion to dismiss this cause of action. *Doc. No. 12*.

## II. DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). It is undisputed that Green has not yet exhausted his available state court remedies with respect to each of the claims presented in the instant petition for habeas corpus relief. Specifically, Green's challenge to the search and seizure is currently pending on

appeal before the Alabama Supreme Court. In addition, Green may present his claims of ineffective assistance of appellate counsel to the Circuit Court of Montgomery County in a Rule 32 petition. This court does not deem it appropriate to rule on the merits of Green's claims without first requiring that he exhaust available state remedies. 28 U.S.C. § 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending the outcome of the state court proceedings as there is nothing before this court which indicates the requisite "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Green can pursue those state court remedies available to him.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The instant petition for habeas corpus relief be denied.

2. The petitioner's motion to dismiss be GRANTED.

3. The petition be dismissed without prejudice to afford the petitioner an opportunity to exhaust all available state court remedies.

It is further

ORDERED that on or before March 11, 2013 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections

will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 25th day of February, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE